IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL A. GRINDEMANN,

                Plaintiff,                              ORDER

     v.                                             12-cv-205-slc

ROBERT HUMPHREYS, DR. MARGARET ALEXANDER,
DR. C. APPLE and DR. WESTENDORF,

                Defendants.

---

MICHAEL A. GRINDEMANN,

                Plaintiff,                              ORDER

     v.                                             12-cv-206-slc

SORP Director LANCE WIERSMA and
SORP Records Custodian GRACE ROBERTS,

                Defendants.

---

Plaintiff Michael Grindemann, a former prisoner who was recently release from custody, has filed two proposed complaints under 42 U.S.C. § 1983. He asks for leave to proceed *in forma pauperis* and has supported his request with an affidavit of indigency. The standard for determining whether a plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

Plaintiff has no dependants and is not currently employed. He has no assets and minimal

funds in his savings account. I conclude that he qualifies for indigent status. Therefore, plaintiff may proceed without any prepayment of fees or costs.

Because plaintiff is proceeding *in forma pauperis*, the court must screen his complaints pursuant to 28 U.S.C. § 1915 to determine whether these cases must be dismissed because the complaints: (1) are frivolous or malicious, (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Accordingly, IT IS ORDERED that plaintiff Michael Grindemann's complaints are taken under advisement. As soon as the court's calendar permits, plaintiff's complaints will be screened pursuant to 28 U.S.C. § 1915. Plaintiff will be notified promptly when such a decision has been made. In the meantime, if plaintiff needs to communicate with the court about these cases, he should be sure to write the case numbers shown above on this communication.

Entered this 30th day of March, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge