IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL A. GRINDEMANN,

                Plaintiff,                        OPINION AND ORDER

    v.

                                               12-cv-205-slc[1]

ROBERT HUMPHREYS, DR. MARGARET
ALEXANDER, DR. C. APPLE and DR.
WESTENDORF,

                Defendants.

---

      In this proposed civil action for monetary and injunctive relief under 42 U.S.C. § 1983, plaintiff Michael A. Grindemann contends that Robert Humphreys, the warden of Racine Correctional Institution ("RCI"), and various doctors involved in his treatment at RCI and Oshkosh Correctional Institution refused him sexual adjustment treatment in violation of his due process and equal protection rights.

      Because Grindemann is proceeding under the *in forma pauperis* statute, 28 U.S.C. § 1915, his complaint must first be screened to determine whether it states a claim upon which relief may be granted. Having reviewed the complaint, I conclude that since Grindemann has no liberty interest in sexual adjustment treatment, he will be denied leave to proceed with his claim for a due process violation. As for Grindemann's class-of-one equal protection claim, the court will allow him leave to file an amended complaint only against defendant Humphreys. If Grindemann opts to file an amended complaint, however, he must plead (1) the absence of a rational basis for Humphreys' action and (2) some improper, personal

---

[1] For the purpose of issuing this order, Judge William M. Conley acts for the court.

motive for differential treatment. Failing that, this claim, too, will not be allowed to proceed.

## ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes these operative facts as alleged in their complaint:

- Plaintiff Michael A. Grindemann was formerly imprisoned at Racine Correctional Institution. Sometime before that he was imprisoned at Oshkosh Correctional Institution.

- In August 1989, Grindemann completed sexual adjustment treatment that began in 1986. Grindemann was reevaluated sometime around 2001 and found to be in need of further treatment.

- Grindemann participated in "SO-4 intensive residential sex-offender treatment" from May 29, 1993, to June 19, 1995. (Compl. (dkt. #1) 3.) Dr. Alexander administratively terminated Grindemann from that treatment.

- After parole endorsements for treatment in April 2007 and March 2008, Drs. Apple and Westendorf placed Grindemann in "Beacon SO-4" treatment on June 30, 2008. On July 22, 2008, Grindemann alleges that the RCI Warden, defendant Humphreys, ordered Apple and Westendorf to remove him from treatment.

- Grindemann appealed this removal.  In response, Humphreys allegedly stated that Grindemann would be given an opportunity to complete the treatment program, but not at this time given his previous removal from treatment.  Grindemann further alleges that when a bed became unexpectedly available, Humphreys ignored Westendorf's endorsement of Grindemann's reentry into Beacon, as a result of which "two near-priceless treatment beds" went unused.

- Grindemann further contends that he filed a conditions of confinement habeas corpus action in Racine County Circuit Court, which was denied in January 2009. Grindemann claims that the Wisconsin Court of Appeals subsequently denied his appeal and that both the Wisconsin Supreme Court and the United States Supreme Court denied his  requests for certiorari review of that denial.

DISCUSSION

Grindemann contends that Humphreys violated his due process and equal protection rights by removing him from mental health treatment.  For relief, Grindemann seeks a declaration that his rights were violated and that defendants conspired to deny him treatment and any likelihood of parole, as well as compensatory and punitive damages and costs.

As an initial matter, Grindemann names a number of doctors involved in his treatment, but all of his allegations of constitutional violations concern Humphreys' actions only.  Indeed, Grindemann alleges that all the doctors involved *approved* of Grindemann's

placement in treatment programs.  (*See* Compl. (dkt. #1).)[2]  Liability under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in the constitutional violation.  *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).   If the complaint goes forward at all, it could only go forward against Humphreys.

## I.  Due Process Claim Against Defendant Humphreys

To plead a violation of due process, whether procedural or substantive, a plaintiff must allege that he was deprived of a property or liberty interest.  U.S. Const. amend. XIV, § 1; *Black v. Lane*, 22 F.3d 1395, 1402-03 (7th Cir. 1994); *Kauth v. Hartford Ins. Co.*, 852 F.2d 951, 954 n.4 (7th Cir. 1988).  The complaint alleges that Grindemann was deprived mental-health related treatment.  The Court of Appeals for the Seventh Circuit, however, has held repeatedly that prisoners do not have a liberty interest in rehabilitative or educational programs.  *See, e.g.*, *Brown v. Wis. Dep't of Corrs.*, 26 Fed. Appx. 548, 549, 2001 WL 1518816, at *1 (7th Cir.  Nov. 28, 2001) (unpublished) ("Mr. Brown does not have a

---

[2]While Grindemann does allege that Dr. Alexander terminated him from treatment in 1995 (Compl. (dkt. #1) 3), the statute of limitations has lapsed for this action.  *Miles v. Trempealeau Cnty.*, 204 Fed. Appx. 570, 572, 2006 WL 3228629, at *2 (7th Cir. Nov. 8, 2006) (unpublished) ("[A] federal court must adopt the forum state's limitation period for personal injury claims and the correct statute of limitations for claims filed in Wisconsin is six years, as set forth in Wis. Stat. § 893.53.") (citing *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997).  Grindemann implicitly alleges that Drs. Apple and Westendorf removed him from his 2008 treatment, but only in response to a direct order from Warden Humphreys.  Moreover, it was Humphreys who allegedly told Grindemann on administrative appeal that he would be able to complete treatment.

due process claim because he does not have a protected liberty or property interest in participating in the intensive sanctions program."); *Stanley v. Litscher*, 213 F.3d 340, 342 (7th Cir. 2000) (noting that "admission to [sex offender prison] programs cannot be described as a liberty or property interest"); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996) (holding that prisoners have no liberty interest in "social and rehabilitative activities").  For this reason, Grindemann cannot bring a claim for violation of due process based on defendant Humphreys' removing him from or refusing to place him back in sexual adjustment treatment.

**II. Class-of-One Equal Protection Claim Against Defendant Humphreys**

Grindemann also contends that Humphreys' denial of treatment constitutes a violation of the equal protection clause under a "class of one" theory.  The Seventh Circuit recently considered a class-of-one equal protection claim in the context of the termination of a prisoner's work release program.  *Jordan v. Cockroft*, No. 12-1633, 2012 WL 3104876, at *2 (7th Cir. Aug. 1, 2012).  "An equal-protection claim brought by a 'class of one' can succeed only if the plaintiff proves that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the different treatment."  *Id.* (citing *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).  At this stage, Grindemann must at least plead "intentionally discriminatory treatment lacking a rational basis."  *Jordan*, at *2 (citing *Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 899 (7th Cir. 2012) (*en banc*) (Posner, J., leading opinion) ("The

plaintiff must plead and prove both the absence of a rational basis for the defendant's action and some improper personal motive . . . for the differential treatment."); *id.* at 913 (Wood, J., dissenting) (arguing that plaintiff must plead and prove that a state actor lacked a rational basis for singling him out)).

In his complaint, Grindemann alleges that Humphreys claimed he was removed from treatment "because Plaintiff had been removed from [treatment] in the past." (Compl. (dkt. #1) 4.)  While Grindemann further alleges that two others in the treatment group with previous treatment were not removed, he does not plead that these other prisoners were also previously *removed* from treatment.  (*Id.*)  Therefore, Grindemann does not plead that Humphreys' purported reason for removing him from treatment lacked a rational basis.

Even so, the  court will grant plaintiff leave to amend his complaint to attempt to plead a class-of-one equal protection claim against defendant Humphreys.  In re-pleading, however, Grindemann must allege in good faith both:  (1) the absence of a rational basis for Humphreys' singling him out (e.g., others had been removed from treatment in the past and allowed to resume treatment in the same time frame or circumstances as Grindemann); *and* (2) the existence of some improper motive personal to Humphreys for singling Grindemann out.

ORDER

IT IS ORDERED that:

(1)     plaintiff Michael A. Grindemann is DENIED leave to proceed on his due process claims against defendants;

(2)     plaintiff may have until October 15, 2012, to amend his complaint to plead class-of-one equal protection claim against defendant Humphreys consistent with this opinion; and

(3)     if plaintiff fails to plead by October 15, 2012, his complaint will be dismissed and this case closed.

Entered this 24th day of September, 2012.

BY THE COURT:

/s/

_____

William M. Conley
District Judge

7